IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY FAILS,
    Plaintiff,

vs.                                    Case No. 3:08cv536/LAC/EMT

ESCAMBIA COUNTY SHERIFF'S OFFICE,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 4). Upon review of the complaint, the court concludes that dismissal of this case is warranted.

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992) (quoting Neitzke, 490 U.S. at 325, 237). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Id*. Upon review of the complaint, the court concludes that Plaintiff's claims are frivolous.

Plaintiff, an inmate of the Florida State Prison, names at least one Defendant in this action, the Escambia County Sheriff's Office (ECSO) (Doc. 1 at 1, 2).[1] Plaintiff alleges that the ECSO has conspired with his friends and family to harass him and violate his privacy (*id.* at 5). Plaintiff states that Deputy Benard has harassed him since he was 15 years old, and further, that Deputy Benard "gave Plaintiff his word he will take him to jail when he turns 18 years of age in which he did for possession of cocaine and parfinillia [sic]" (*id.*). Plaintiff claims that Deputy Benard has harassed him repeatedly which resulted in Plaintiff's false arrest on "several occassions [sic]" (*id.*). Plaintiff states that when he was released in 1983 as a "young offender," he had no knowledge of "being bugged by illegal wire tapeing [sic] . . ." (*id.*). Plaintiff states that law enforcement conspired with his friends and family to interfere with his relationship with his girlfriend, Sonya Cunningham (*id.* at 6). Plaintiff also alleges that, starting in 1993 while he was incarcerated, he noticed "unussual [sic] people acting like him and s[e]tting him up as time goes on because of the wire tapeing [sic] and secret bugs that had been place [sic] on him" (*id.*). Plaintiff states that his sister, Latonya Fails, "hooked him up" with her best friend Kathryn Bass, who put him in prison for rape (*id.*). Plaintiff states that members of the ECSO tell him through "microphone devices" that he will be back in jail for rape charges within six months (*id.*). Plaintiff states that, while incarcerated, he hears his family and the ECSO telling him that he can "have [his] life back with Trina Carter if [he] give[s] them information" (*id.*). Plaintiff states that he hears "her voice on a recorded moniter [sic] and she answers my brains" (*id.*). Plaintiff states that he "has been a victim of conspiracy" and has been illegally detained in violation of the Fourth Amendment (*id.* at 7). In the "Relief Requested" section of the complaint form, Plaintiff states that he suffers from mental anguish and pain and suffering from "this continuous abuse," but he has not specified the relief he seeks (*id.*).

Plaintiff's allegations, including his assertions that members of his family and the ECSO have conspired to monitor, investigate, and harass him by placing "microphone devices" on his person; that he has been wiretapped and bugged; and that he hears Trina Carter's voice and she

---

[1]The court notes that Plaintiff lists the following names under the "Defendants" section of the complaint form, but they are not listed in the style of the case on the first page of the complaint: (1) Eddie Benard; (2) Trina Carter; (3) Sonya Cunningham; (4) Tina Page; (5) Rosheque Gilbert; (6) Cathy Smith; (7) David Smith; (8) Latonya Fails; (9) Michell Green; (10) Demarcus Fails; (11) Dezina Green; (12) Herman Fails; (13) John Fails; (14) Jody Hall; (15) "Lawrence"; (16) Evylin Carter; (17) Junior Carter; and (18) Kathryn Bass (*see* Doc. 1 at 1–2). Whether or not Plaintiff intended to name these individuals as Defendants has no impact on the undersigned's recommendation that this case be dismissed as frivolous.

"answers Plaintiff's brains," fall into the very narrow category of allegations that are removed from reality and wholly incredible.  Therefore, Plaintiff's complaint should be dismissed as factually frivolous.  *See e.g.,* Bilal v. Driver, 251 F.3d 1346, 1350 (11th Cir. 2001) (dismissing as factually frivolous claim that prison official forced plaintiff to wear "bomb belt" containing 50,000 volts of electrical shock 1000 times in 19 days); Williams v. St. Vincent Hosp., 258 Fed. Appx. 293, 294 (11th Cir. 2007) (affirming dismissal of complaint as frivolous where complaint presented "far-fetched" scenario based on assertions of a massive conspiracy to monitor plaintiff that was "clearly baseless.").[2]

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i);

2. That the clerk be directed to close the file

At Pensacola, Florida this 6th day of January 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[2]The undersigned cites Williams v. St. Vincent Hosp. only as persuasive authority and recognizes that the opinion is not considered binding precedent.  *See* 11th Cir. R. 36-2.

Case No: 3:08cv536/LAC/EMT